UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 2:25-cv-11399-MRA-KES               Date: December 8, 2025

Title: SHAHROOZ BIGONAH v. TARGET N. HOLLYWOOD, et al.[1]

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   Order to Show Cause Regarding Federal Subject Matter Jurisdiction

In July 2025, Plaintiff Shahrooz Bigonah ("Plaintiff") filed a lawsuit, Los Angeles County Superior Court ("LASC") case no. 25VECV04044, against the Target Corporation erroneously named as "Target N Hollywood" ("Target") per the caption of the Complaint. (Dkt. 1-1 at 24.) The body of the Complaint says Plaintiff is also suing "the City of LOS ANGELES, including [Los Angeles Police Department] LAPD officers and Target employees identified as DOES." (Id. at 25.)[2] Target removed the case to federal district court in November 2025. (Dkt. 1.) As the sole basis for removal, Target contends that removal is available due to complete diversity under 28 U.S.C. § 1332, analyzing only the citizenship of Plaintiff (California) and Target (Minnesota). (Id. ¶¶ 4-8.)

Federal courts are courts of limited jurisdiction. At any time, federal courts may inquire sua sponte about jurisdictional facts to ensure that federal jurisdiction exists. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party");

---

[1] As discussed in this order, the Complaint also names the following Defendants: the City of Los Angeles and Does 1-50. (Dkt. 1-1 at 25.) The Clerk is directed to add these other Defendants to the docket, which currently lists Target as the only Defendant.

[2] Page numbers used in this Order refer to the pagination imposed by the Court's electronic filing system, which appear in blue in the header of filed documents.

28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Court orders Target to show cause why this case should not be remanded to LASC for lack of federal jurisdiction. Specifically, the Complaint also sues the City of Los Angeles, which is a citizen California, while Plaintiff is also a citizen of California. Do the allegations against the City of Los Angeles destroy complete diversity in this case? Does it matter that Plaintiff did not (1) name the City of Los Angeles in the caption or (2) serve the City of Los Angeles yet (if he has not)? Can the Court exercise federal question jurisdiction if (1) Target's notice of removal identifies diversity jurisdiction as the only basis for removal, or (2) the Complaint includes a federal 42 U.S.C. § 1983 claim against the City of Los Angeles/LAPD but no federal claims against Target?

Target shall respond to this Order to Show Cause ("OSC") by **January 8, 2026**. The Court **stays** discovery and **stays** briefing on Target's pending motion to dismiss (Dkt. 7). If the Court determines that federal jurisdiction exists, then the Court will set a briefing schedule for the motion to dismiss.

　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk jd